**SO ORDERED.**

**SIGNED May 17, 2017.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

```
             UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA

IN RE:

WILLIAM HOWARD ERNST                           CASE NO. 16-20053

     Debtor in Possession                      Chapter 11
---------------------------------------------------------------

AMERISAFE, INC., AMERICAN INTERSTATE
INSURANCE COMPANY AND HANOVER
INSURANCE COMPANY

     Plaintiffs

VERSUS                                         ADVERSARY NO. 16-02002

WILLIAM HOWARD ERNST

     Defendant
---------------------------------------------------------------
                     REASONS FOR DECISION
---------------------------------------------------------------
```

This is a non-dischargeability proceeding under 11 U.S.C. §§ 523(a)(2) and 523(a)(4) brought against William Ernst (the "debtor") based on the conduct of his non-filing spouse, Lisa Ernst. The present matter before the court is a motion to dismiss

under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of the dischargeability complaint filed by Amerisafe, Inc., American Interstate Insurance Company, and Hanover Insurance Company (collectively, "Amerisafe" or "plaintiffs"). The court took the matter under advisement following oral argument. After reviewing the parties' pleadings and the relevant authorities, the court rules as follows.

## JURISDICTION

The court has jurisdiction over the matters asserted in this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(a). This matter is a core proceeding in which this court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(I) and (J). The following Reasons for Decision shall constitute the court's findings of fact and conclusions of law.

## BACKGROUND

Lisa Ernst, the debtor's non-filing spouse, had been an employee of Amerisafe for approximately fifteen (15) years at the time of her termination. She worked in Amerisafe's accounting department and was the Assistant Manager of Treasury Services for Amerisafe at the time of her termination. (Complaint at ¶ 6). Amerisafe alleges that Lisa Ernst embezzled at least $1,351,259.00 from May 2003 through March 2014. (Id. at ¶ 9-11; 16). Amerisafe alleges that Ernst used her position in the accounting department

-2-

to move money directly from Amerisafe's bank accounts into two joint bank accounts controlled by Ernst and the debtor, and a third account jointly held by Ernst and her son, Mitchell Ernst. (Id. at ¶ 9). According to Amerisafe, there were approximately 142 such transfers made between 2003 and 2014 with the following totals for each year:

```
2014      $  53,607.00
2013         206,262.00
2012         153,809.00
2011         184,049.00
2010      $ 173,102.00
2009         187,159.00
2008         114,432.02
2007          81,313.00
2006          89,661.63
2005          61,595.67
2004          38,743.00
2003           7,525.14

          $1,351,259.86
```

(Id. at ¶ 17). Lisa Ernst orchestrated these transfers through forged and falsified documents as well as false entries in Amerisafe's general ledger. (Id. at ¶ 10).

Lisa Ernst was terminated by Amerisafe in March 2014. She was subsequently charged with federal wire fraud and entered into a plea agreement admitting to the actions alleged in Amerisafe's complaint. As part of the plea agreement, she agreed to make restitution to Amerisafe and its insurer in the amount of $1,351,259. On July 16, 2015, Ernst was sentenced to four (4)

-3-

years incarceration. Lisa and William Ernst then filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 1, 2015. Amerisafe filed an adversary proceeding in that case seeking a declaration that the amounts owed as a result of Lisa Ernst's embezzlement were non-dischargeable. That joint case was subsequently dismissed as to both debtors on November 30, 2015. On January 25, 2016, William Ernst filed an individual petition for relief under Chapter 11 of the Bankruptcy Code. Lisa Ernst did not join in the petition. Amerisafe subsequently commenced this adversary proceeding seeking a determination that the amount embezzled by Lisa Ernst was non-dischargeable. Specifically, Amerisafe seeks a determination that the Ernsts' are not eligible for a community discharge under sections 524(a)(3) and 524(b)(2) on the grounds that Lisa Ernst would not be entitled to a discharge in a hypothetical case under Chapter 7 commenced on the date of the filing of the present case. Amerisafe further seeks a finding of non-dischargeability as to the debtor personally that would preclude a discharge as to his separate property. The debtor filed the present motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that the allegations in the complaint do not state a claim for non-dischargeability against the debtor personally.

-4-

**DISCUSSION**

**A. Applicable Standards Under Rules 12(b)(6), 9(b), and 12(e)**

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure provides that Rule 12(b)(6) of the Federal Rules of Civil Procedure applies in adversary proceedings. Rule 12(b)(6) allows dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Elsensohn v. St. Tammany Parish Sheriff's Office, 530 F.3d 368, 372 (5th Cir. 2008) (quoting Twombly, 550 U.S. 544, 127 S.Ct. at 1974, 167 L.Ed.2d 929). A claim satisfies the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Twombly's plausibility standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal,

-5-

129 S.Ct. at 1949(internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007); Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on the motion, the court cannot look beyond the pleadings. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). The pleadings include the complaint and any documents attached to it. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

**B.  Plaintiffs' Non-Dischargeability Claims**

Plaintiffs allege fraud, fiduciary fraud and/or defalcation, embezzlement, and larceny.[1]  11 U.S.C. § 523(a)(2)(A) provides that

---

[1] Plaintiffs' complaint also refers to "wilful and malicious injury" as grounds for non-dischargeability. However, the prayer

-6-

"money, property, services, or an extension, renewal, or refinancing of credit" that is obtained through "false pretenses, a false representation, or actual fraud" is subject to exception from a debtor's discharge. In order for a debt to fall within section 523(a)(2)(A), the debtor's fraud or false representation must involve the debtor's "moral turpitude or intentional wrong." <u>Vizzini v. Vizzini ( In re Vizzini)</u>, 348 B.R. 339, 343 (Bankr. E.D. La. 2005), aff'd, 234 Fed. Appx. 234 (5th Cir. 2007) (quoting <u>In re Chavez</u>, 140 B.R. 413, 419 (Bankr. W.D. Tex. 1992)). Fraudulent acts that are implied in law and may exist in the absence of bad faith are insufficient to deny discharge. <u>Id</u>. The elements of a fraud claim under section 523(a)(2)(A) are: (1) the debtor made a false representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor

---

of the complaint limits the relief sought to "section 523(a)(2) and/or (4)" and does not cite section 523(a)(6)("wilful and malicious conduct") as grounds for relief. (Complaint at ¶ 30). Accordingly, it is unclear whether plaintiffs are seeking non-dischargeability under section 523(a)(6) as an independent ground for relief. To the extent that they are, the court finds that plaintiffs have adequately pled relief with respect to Lisa Ernst and, hence, with respect to the non-dischargeability of claims against post-petition community property. However, for the same reasons set forth below, plaintiffs have not sufficiently pled a claim under section 523(a)(6) with respect to the debtor individually and his separate property.

-7-

sustained a loss as a proximate result of its reliance. <u>In re Acosta</u>, 406 F.3d 367, 372 (5th Cir.2005).

The Bankruptcy Code further excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." 11 U.S.C. § 523(a)(4). This exception "was intended to reach those debts incurred through abuses of fiduciary positions and through active misconduct whereby a debtor has deprived others of their property by criminal acts; both classes of conduct involve debts arising from the debtor's acquisition or use of property that is not the debtor's." <u>Miller v. J.D. Abrams Inc. (In re Miller</u>), 156 F.3d 598, 602 (5th Cir. 1998) (quoting <u>In re Boyle</u>, 819 F.2d 583, 588 (5th Cir. 1987)). With respect to embezzlement and larceny, the manner in which the debtor comes into possession of the property determines which definition applies. For purposes of section 523(a)(4), embezzlement is defined as the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." <u>In re Miller</u>, 156 F.3d at 602 (emphasis added). Larceny is defined as the "fraudulent and wrongful taking and carrying away of the property of another with intent to convert it to the taker's use and with intent to permanently deprive the owner of such property." <u>In re Hayden</u>, 248 B.R. 519, 526 (N.D. Tex. 2000) (emphasis added).

-8-

**C. Non-Dischargeability of Claims Against Community Property Under 11 U.S.C. §§ 524(a)(3), 524(b)(2)**

The court first addresses the sufficiency of Amerisafe's allegations with respect to the community discharge under 11 U.S.C. § 524(a)(3). Section 524(a)(3) grants "fresh-start" protection to after-acquired community property by prohibiting the collection of dischargeable community claims from community property acquired post-petition. This "fresh start" protection is limited to *dischargeable* claims. Section 524(a)(3) excludes "a community claim that is excepted from discharge under Section 523,... or that would be so excepted,...in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor...." Section 524(b) further provides that the discharge does not apply if "the court would not grant the debtor's spouse a discharge in a case under Chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor...." 11 U.S.C. § 524(2)(A). Amerisafe's complaint alleges that (1) the $1,351,259 that Lisa Ernst transferred from Amerisafe to her three (3) joint bank accounts is a community debt, and (2) her conduct satisfies the element of non-dischargeability under 11 U.S.C. §§ 523(a) (fraud) and 523(a)(4) (embezzlement and larceny). Considering the allegations of the complaint as a whole with respect to Lisa

-9-

Ernst's conduct, Amerisafe's allegations are sufficient to support the exception to the community discharge for after-acquired community property under sections 524(a)(3) and 524(b). The court, therefore, **DENIES** the debtor's motion to dismiss with respect to this aspect of Amerisafe's claim.

**D.   Non-dischargeability as to the Debtor's Separate Property**

The court now turns to Amerisafe's contention that its claim is non-dischargeable as to the debtor personally and his separate property under sections 523(a)(2) and 523(a)(4). Amerisafe's allegations would be sufficient to state a non-dischargeability claim against Lisa Ernst. Her liability, however, cannot be imputed to the debtor solely based on the spousal relationship. In re Allison, 960 F.2d 481, 485 (5th Cir. 1992); In re Reed, 700 F.2d 986, 993 (5th Cir. 1983) ("The Bankruptcy Court correctly concluded that the Code does not allow attribution of intent from spouse to spouse.") The courts that have allowed the imputation of fraudulent intent from spouse to spouse do so only in the context of an agency relationship where the two spouses are engaged in business together. See, e.g., In re Oliphant, 221 B.R. 506, 511 (9th Cir. B.A.P. 2005) ("Additionally, for agency principles to apply, it is not enough that the debtors are spouses. A business relationship between the spouses must exist.") (citing Allison, 960 F.2d at 485). Here, there are no allegations in the complaint

-10-

supporting an agency or other business relationship between Lisa Ernst and the debtor. Accordingly, Amerisafe must plead facts that would allow the court to draw the reasonable inference that the debtor acted with fraudulent intent in concert with Lisa Ernest, and that his conduct independently satisfies the elements of a non-dischargeability claim under section 523(a). See In re Sauntry, 390 BR 848, 854-55 (Bankr. E.D. Tex. 2008) (noting that a debtor's entitlement to a discharge should be analyzed on an individual basis).

The complaint does not plead facts demonstrating that the debtor acted in concert with Lisa Ernst to defraud Amerisafe or that the debtor had actual knowledge of his wife's fraudulent conduct. Instead, Amerisafe alleges that the funds embezzled by Lisa Ernst flowed into three (3) joint bank accounts. The debtor was named on two of these joint accounts and he allegedly withdrew funds from these two accounts. The third account was jointly held by Lisa Ernst and the Ernsts' son. Amerisafe contends that the debtor "knew or should have known" of Lisa Ernst's embezzlement given the total amount deposited in these accounts and the fact that Lisa Ernst allegedly made no more than $45,000 to $50,000 in salary and bonuses per year from 2003 through 2014. There are no allegations detailing how much of the embezzled funds flowed into each account, nor are there any allegations detailing the extent of the debtor's access or control over the third account.

Factual allegations showing that a debtor knew about his or her spouse's fraudulent conduct together with allegations that the debtor benefitted from the fraud may support an inference that the debtor shared in his or her spouse's intent to defraud. See, e.g., Oliphant, 221 B.R. at 511; Reed, 700 F.2d at 993. Even where, as here, the complaint does not include facts that directly establish the debtor's knowledge of a spouse's fraudulent conduct, knowledge may be reasonably inferred when "the facts and circumstances are so egregious that denial of knowledge is simply not credible." Oliphant, 221 B.R. at 511. For example, where the "the nature and extent of the benefit conferred" on the debtor is "great or unusual," it is reasonable to conclude that the debtor engaged in fraudulent conduct. Id.

Considering the complaint as a whole, Amerisafe's allegations do not support a reasonable inference that the debtor acted with fraudulent intent in concert with Lisa Ernst for at least two reasons. First, while the complaint pleads facts showing that a significant amount of funds flowed into the three joint accounts, the allegations only show that the debtor had access and control over two accounts and, more importantly, does not detail how much of the embezzled funds flowed into the accounts that the debtor controlled. Without these allegations, the court cannot draw the reasonable inference that the amounts flowing into the accounts controlled by the debtor were so great or unusual that "denial of

-12-

knowledge is simply not credible." Id. Indeed, it is conceivable that the bulk of the transfers could have flowed into the third account, yet there are no allegations showing the extent of the debtor's access to this account.

Second, the cases allowing inferential proof of knowledge or fraudulent intent on the part of an "innocent" spouse generally require some showing of egregious or culpable conduct.[2] For example, courts have found egregious or culpable conduct on the part of "innocent" spouses in cases involving allegations of an "impressive residence, vehicles, vacations, and other moveables, all resulting in a lifestyle far above the earnings that the debtor...could possibly afford absent the ill-gotten gains." In re Kerry (Cardiovascular Surgery of Alexandria, LLC v. Kerry), No. 09-08041 (Bankr. W.D. La. filed 2009) (Complaint, Dkt. No. 1). Amerisafe's complaint does not include similar factual allegations that would support a reasonable inference of knowledge, much less fraudulent intent. There are no allegations of expensive houses, cars, vacations, or other indicia of a lifestyle far above what could be financed on the Ernsts' income.

---

[2] A number of cases use the term "innocent spouse." This reference to an "innocent spouse" is a misnomer in cases where liability cannot be imputed under agency principles because the defendant spouse must be found *independently* liable under section 523(a)and, accordingly, is not "innocent."

-13-

Accordingly, the court **GRANTS** the debtor's motion to dismiss with respect to Amerisafe's non-dischargeability claims against the debtor personally and the debtor's separate property. The court, however, grants leave for Amerisafe to file an amended complaint in conformity with the court's ruling herein.

### CONCLUSION

For the foregoing reasons, the court **GRANTS** in part and **DENIES** in part William Ernst's motion to dismiss under Rule 12(b)(6). The court grants Amerisafe leave to amend the complaint within twenty (20) days of the order granting the motion to dismiss. An order reflecting the court's ruling has been entered contemporaneously herewith.

###

-14-